IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON DIVISION

| | |
|---|---|
| Larry D. Cromer and Nancy Cromer,<br><br>Plaintiffs,<br><br>vs.<br><br>United States of America,<br><br>Defendant. | Civil Action No. 8:07-0126-WMC<br><br>**O R D E R** |

This matter is before the court on the defendant's motion for summary judgment. The case was referred to this court for disposition on April 17, 2008, upon consent of the parties pursuant to Title 28, United States Code, Section 636(c), and Local Rule 73.01(B), DSC, by order of Judge G. Ross Anderson, Jr., United States District Judge.

**FACTS PRESENTED**

The plaintiffs are the owners of real property located at 223 Lee Road, Fairplay, South Carolina on Lake Hartwell. The plaintiffs allege that the defendant, acting through the U.S. Army Corps of Engineers ("Corps"), abused its discretion in allowing a dock to be placed in front of their property and denying them a permit to place a dock serving the property on which they live. The plaintiffs seek injunctive relief requiring the Corps to have an improperly permitted dock removed and allowing the plaintiffs to have a dock serving their property, or for inverse condemnation because the action of the Corps has caused a diminution in the value of their property. The plaintiffs allege that when they purchased their property in 1994, they were informed by the Corps that docks could be obtained at any time. Their property consisted of five lots, totaling 18.613 acres. In 2003, the plaintiffs contacted the Corps and were told that the lot on which their home was being constructed was dockable. The resident agent for the Corps told the plaintiffs that he would come out to locate the dock at a later time because he

was behind schedule. In July 2004, Mrs. Cromer saw the agent, and he told her he was with another client and for her to call and make an appointment to see him (Nancy Cromer aff.). In November 2004, the Corps issued a dock permit for Lot 49 to Robert F. Savage, Jr., the plaintiffs' neighbor. Lot 49 is adjacent to the plaintiffs' land. The plaintiffs claim the dock is directly in front of their property. The plaintiffs claim that the neighbor's property already had a dock, as there is a dock on Lot 48, and Mr. Savage bought Lots 48 and 49 as one lot (Cromer aff., ex. A, B). The plaintiffs contend that the dock location interferes with their use and quiet enjoyment of their property and is in violation of the policies and procedures in the Hartwell Project Shoreline Management Plan (comp. ¶¶ 2-7).

## **APPLICABLE LAW AND ANALYSIS**

Federal Rule of Civil Procedure 56(c) states, as to a party who has moved for summary judgment:

> The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.

Accordingly, to prevail on a motion for summary judgment, the movant must demonstrate that: (1)there is no genuine issue as to any material fact; and (2) that he is entitled to judgment as a matter of law. As to the first of these determinations, a fact is deemed "material" if proof of its existence or non-existence would affect disposition of the case under applicable law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). An issue of material fact is "genuine" if the evidence offered is such that a reasonable jury might return a verdict for the non-movant. *Id.* at 257. In determining whether a genuine issue has been raised, the court must construe all inferences and ambiguities against the non movant and in favor of the non moving party. *United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962).

The party seeking summary judgment shoulders the initial burden of demonstrating to the district court that there is no genuine issue of material fact. *Celotex Corp. V. Catrett*, 477 U.S. 317, 323 (1986). Once the movant has made this threshold demonstration, the non-moving party, to survive the motion for summary judgment, may not rest on the allegations averred in his pleadings. Rather, the non-moving party must demonstrate that specific, material facts exist which give rise to a genuine issue. *Id*. At 324. Under this standard, the existence of a mere scintilla of evidence in support of the plaintiff's positions is insufficient to withstand the summary judgment motion. *Anderson*, 477 U.S. at 252. Likewise, conclusory allegations or denials, without more, are insufficient to preclude the granting of the summary judgment motion. *Ross v. Communications Satellite Corp.*, 759 F.2d 355, 365 (4th Cir. 1985). "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." *Anderson*, 477 U.S. at 248. Furthermore, Rule 56(e) provides in pertinent part:

> When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the adverse party's pleadings, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party.

Fed.R.Civ.P. 56(e). Accordingly, when rule 56(e) has shifted the burden of proof to the non-movant, he must produce existence of every element essential to his action that he bears the burden of adducing at trial on the merits.

In reviewing an agency's decision under the Administrative Procedure Act ("APA"), a court shall set aside an action of an agency where it is determined to be arbitrary, capricious, an abuse of discretion, or not otherwise in accordance with law. 5 U.S.C. § 706(2)(A). However, the court may not substitute its judgment for that of the agency. *Citizens to Preserve Overton Park, Inc. v. Volpe*, 401 U.S. 402, 416 (1971), *overruled on other*

3

*grounds by Califano v. Sanders*, 430 U.S. 99 (1977).  The arbitrary and capricious standard is highly deferential:  even if a reviewing court disagrees with an agency's action, the court must uphold the action if the agency considered all relevant factors and the court can discern a rational basis for the agency's choice.  *Camp v. Pitts*, 411 U.S. 138, 143 (1973); *Volpe*, 401 U.S. at 415- 416.

The statutory authority for the Corps of Engineers' regulation of various shorelines is 16 U.S.C. § 460d, which states that public use of the water areas and shoreline of water resource development projects is under the control of the Department of the Army and shall be in accordance with "rules and regulations as the Secretary of the Army may deem necessary."  The Corps of Engineers' authority to issue a Shoreline Use Permit ("SUP") is found under Title 36, Code of Federal Regulations, Part 327.0, Rules and Regulations Governing Public Use of Water Resource Development Projects Administered by the Chief of Engineers.  Title 36 addresses permits and private shoreline use in parts 327.19 and 327.30 and Appendixes A-C to part 327.30.  Part 327.19 states that permits for floating structures "shall be issued at the discretion of the District Commander under the authority of this regulation."  Part 327.30 addresses policy and guidance on management of shorelines of civil works projects and the issuance of SUPs.  The Agency promulgates Shoreline Management Plans (each water resource has its own Plan) that contain, among other items related to shoreline management, general guidelines and criteria related to the issuance of SUPs.

The SUPs at issue here were governed in part by the 1998 Hartwell Project Shoreline Management Plan ("HPSMP") (def. m.s.j., ex. A).  The HPSMP provides that an application for a SUP for a "private individual floating facility" (a dock) will be denied if the applicant does not own a lot that has (1) legal access to public land (HPSMP ¶ 13) and (2) an adjacent shoreline upon which to place the dock (HPSMP ¶ 14a).  Legal access normally requires that the applicant own private land that abuts the government owned shoreline, a common boundary.

4

The defendant contends that an adjacent shoreline is having a common boundary that is perpendicular to the shoreline, and that part of the shoreline is termed "primary frontage." The defendant argues that the crux of the disagreement the plaintiffs have with the Agency is with the term "primary frontage." According to the defendant, "primary frontage" is that part of the shoreline that is adjacent to the common boundary line shared by the Government and a private land owner. The adjacent shoreline, which constitutes the primary frontage, is determined by the 90° rule, which identifies the area that is perpendicular to the common boundary line. These terms are not found in the HPSMP, but the defendant contends that the terms have been consistently applied to SUP applications, including the four SUPs issued to the plaintiffs and the Lot 49 SUP issued to Mr. Savage. "Primary frontage" is the method by which the Agency determines whether and where an SUP applicant can physically place a dock on the shoreline/water. As stated above, an applicant must own private property that provides legal access to the government-owned shoreline, and that common boundary must be adjacent to the shoreline. The defendant concedes that the lot owned by the plaintiffs does share a common boundary with the Government-owned shoreline and, therefore, does have the legal access required. However, the defendant argues that by applying the "primary frontage" rule, it was determined that this common boundary is not adjacent to the shoreline and, therefore, is not dockable.

As noted above, the HPSMP is silent on how to determine what part of the shoreline is "adjacent" to a privately-owned lot. Therefore, the defendant contends that it was within the discretion of the Agency to properly define the term. The defendant argues that the Agency has consistently applied the primary frontage/90° rule to determine "adjacency," and the rational basis for creating such a rule is the need to have a consistent means of determining whether and where to allow the physical placement of docks on the shoreline in relation to the private property providing legal access to said docks. The defendant contends that the rational basis for using the 90° rule specifically is that it identifies the area perpendicular to the common boundary, which is a reasonable definition of "adjacent." The

5

defendant also notes that the HPSMP states in paragraph 14a that "it is possible for an individual's dock to be permitted in front of a neighboring lot." Accordingly, the defendant contends that even if the Lot 49 dock was in front of a neighboring lot, including the one owned by the plaintiffs, such placement would not violate the HPSMP. The defendant argues that it can show through the land surveys that the dock associated with Lot 49 is within the primary frontage of Lot 49, and it can also show that the plaintiffs' lot is non-dockable because it does not have any primary frontage.

The plaintiffs assert that genuine issues of material fact exist concerning whether the Corps abused its discretion in allowing the plaintiffs' neighbor to have two docks serving one piece of property in violation of the Corps' regulations and/or policy. Second, the plaintiffs assert that a genuine issue of fact exists concerning whether the Corps abused its discretion in allowing a dock serving adjacent land to the plaintiffs' property to be erected at a location where the user must cross water in violation of the Corps' regulations or policy. Third, the plaintiffs assert a genuine issue of fact exists concerning the action of the Corps in approving a second dock on the property adjacent to the plaintiffs' land, which fronts the plaintiffs' property and requires the user to cross water to gain access to the dock. The plaintiffs contend that such actions of the Corps were arbitrary and capricious or an abuse of discretion that violate the HPSMP and constitute inverse condemnation of the plaintiffs' land due to diminution of value because the Corps' actions prevent the lawful placement of a dock to serve the plaintiffs' home.

In *Matthews v. United States*, 526 F.Supp. 993 (M.D. Ga. 1981), a landowner brought an action seeking the removal of an allegedly private dock that the Corps had authorized to be constructed and operated in a public recreation area on Lake Hartwell. The District Court found that the Corps abused its discretion by permitting the private dock to be constructed and operated in the public recreation area. However, the court denied injunctive relief requiring the removal of the dock, and instead ordered the Corps to require the marina to repurchase the dock and operate it as a public dock. *Id*. at 1005–1007. The court reasoned

6

that an adequate remedy at law, inverse condemnation, was available to the plaintiff to compensate her for her monetary damages, but the plaintiff had not made such a claim in her complaint. *Id.* at 1005-1006. On appeal, the Eleventh Circuit Court of Appeals noted that the location and operation of the dock was in violation of the applicable regulations and found that the plaintiff's "right to the view from her property weighs more heavily than the hardships caused by removal of the dock." Accordingly, the circuit court found that the district court abused its discretion in refusing to grant an injunction requiring the removal of the dock. *Matthews v. United States*, 713 F.2d 677, 681-82 (11th Cir. 1983).

In this case, the plaintiffs request an injunction requiring the Lot 49 dock to be removed and permission for the plaintiffs to construct their own dock. If an injunction is not granted, the plaintiffs request monetary damages for the "unlawful taking of said property." The court cannot say, based upon the record before it, that the defendant's decisionmaking in this case was not arbitrary and capricious. While the defendant argues that under the APA the court is limited to setting aside the Agency decision and remanding to the Agency for further action, the APA states explicitly that a reviewing court may "compel agency action unlawfully withheld or unreasonably delayed." 5 U.S.C. § 706(1). Furthermore, this court cannot say, based upon the record before it, that the plaintiffs do not have a legitimate property interest at stake so as to show an unlawful taking of their property.

## **CONCLUSION**

Wherefore, based upon the foregoing, the defendant's motion for summary judgment is denied.

IT IS SO ORDERED.

s/William M. Catoe
United States Magistrate Judge

September 25, 2008
Greenville, South Carolina

7